JOHN O'DONNELL, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF DANIEL J. O'DONNELL, DECEASED, PLAINTIFF, v. LAGGREN BROTHERS COMPANY, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, AND PATRICK CONTEY, DEFENDANTS.

Submitted January term, 1931—Decided January 28, 1932.

Before Justices CASE, DALY and DONGES.

For the rule, *Kellogg & Chance.*

*Contra, Edward Griffin.*

PER CURIAM.

This case has been twice tried. At the first trial, the jury returned a verdict of no cause of action as to the defendant Patrick Contey and a verdict for $6,500 against the other defendant, Laggren Brothers Company, Incorporated. A new trial was awarded by this court because the verdict against defendant Laggren Brothers Company, Incorporated, was against the weight of the evidence in the case. 6 *N. J. Mis. R.* 1052.

Upon the retrial of the case, a jury again rendered a verdict against the defendant, Laggren Brothers Company, Incorporated, this time for $10,000, and the defendant obtained this rule and argues that the verdict should be set aside, because (1) the damages are excessive; (2) the trial judge erred in denying defendant's motion for a directed verdict, and (3) the verdict is contrary to the weight of the evidence.

The plaintiff brought his action as administrator *ad prosequendum,* for the death of his minor son, Danied J. O'Donnell, a boy of almost fourteen years of age. Deceased was riding a bicycle on August 3d, 1926, in the city of Bayonne. He proceeded westerly on Forty-fourth street to Broadway. The evidence showed Forty-fourth street to be thirty-three feet wide. When deceased reached Broadway, he slackened his speed to permit the truck of the defendant Contey to pass. The Contey truck was proceeding southerly on Broadway. There was no evidence as to the width of Broadway except that it was wider than Forty-fourth street—a witness who owned and conducted a store on Broadway testified it was "a little wider than Forty-fourth street." The deceased drove his bicycle around the rear of the Contey truck and proceeded southerly on Broadway riding between the Contey truck and the westerly curb line of Broadway about two or three feet away from the truck at a point about midway between the front and rear thereof. When deceased on his bicycle reached a point, identified as from two to three stores south of Forty-fourth street—between fifty and seventy-five feet—his bicycle came in contact with the truck of Laggren Brothers Company, Incorporated, and deceased fell from his bicycle and was run over by the rear wheel of the Contey truck and thus killed. The Contey truck was described as a large truck, while the truck of Laggren Brothers Company, Incorporated, was a small one.

Plaintiff produced two witnesses, Della Jeffers and Jeannette Jeffers. Della Jeffers testified that the Laggren truck was parked on the westerly side of Broadway facing north, with its left side towards the west curb of Broadway; that when the Contey truck passed the southerly cross-walk of the intersection of Broadway and Forty-fourth street—three stores away from where the Laggren truck was parked—it, the Laggren truck, began to turn and that it made "a big turn around" to go south on Broadway, and completed this turn between the west curb line and the Contey truck, which was then about in the middle of Broadway, and that the left rear wheel of the Laggren truck as the turn was completed struck

the rear wheel of the bicycle and deceased was thrown under the right rear wheel of the Contey truck. The other witness produced by the plaintiff, Jeannette Jeffers, a daughter of Della Jeffers, who was fourteen years of age at the time of the accident, gave testimony substantially the same as that of her mother—with one material difference hereafter referred to. It is upon the strength of this testimony that the plaintiff attempts to justify the verdict of the jury; and, yet, when this testimony is analyzed the conclusion is unavoidable that there is thus asserted a happening which was not physically possible. It cannot reasonably be inferred from the testimony in this case that there was more than twenty-five feet between the curb and the large truck within which the turn of the small truck allegedly was made. The Contey truck was going at least ten miles an hour, and at ten miles an hour it would move the distance between the small truck and where it, the Contey truck, was at the time the small truck began to make the turn, about seventy-five feet, in five seconds. To believe Mrs. Jeffers' testimony, you are required to believe (1) that the small truck, which was at least twelve feet long, made a complete turn (without any backing) within a width of twenty-five feet, and (2) made such complete turn in five seconds time. It is contended that the facts testified to by the plaintiff's witnesses in relation to the direction and movement of the small truck, were in substance the same at the first trial as were testified to by them at the second trial. It is not surprising then that the Supreme Court in its opinion in disposing of the first rule to show cause asserted: "The whole story, however, that this truck had been parked facing in the wrong direction on the street, or that it made any movement, is so at variance with the great preponderance of the evidence in the case that a new trial must be awarded."

While Mrs. Jeffers testified that the left rear wheel of the small truck struck the rear wheel of the bicycle as the small truck completed its turn, and her daughter also testified that the left rear wheel of the small truck struck the rear wheel of the bicycle, yet, her daughter seriously differs with the

mother, in that she asserted that the boy had ridden southward between the two trucks for a distance of about fifteen or twenty feet before the accident actually happened. If this story be true, obviously no negligence was exhibited by the driver of the Laggren truck.

The defendant's witnesses absolutely contradicted the testimony of the plaintiff's witnesses upon which the plaintiff predicates his charge of negligence upon the part of the driver of the defendant's car. All of the defendant's witnesses testified that the Laggren vehicle was facing south on Broadway with its right side toward the west curb of Broadway and was at a standstill at or near the curb at the time of the accident and immediately prior thereto.

The verdict rendered in this case shows such a disregard for the great preponderance of the evidence that such verdict must be set aside.

The rule will be made absolute.